Shaw C. J.
afterwards drew up the opinion of the Court. Several questions were discussed in this case, but they were principally, if not wholly, questions of fact, arising from various views of the evidence..
The defence rested upon two grounds : —
1. Misrepresentation and concealment of material inforpnation, by the partner plaintiff, who effected the insurance at New Bedford ; —
2. Delay on the part of the partner in New York, in communicating the loss of the vessel insured, by means of which the insurance was effected after the loss might have been known to the assured.
It is a well known rule of law, that the concealment, or rather silence of the assured in regard to facts already known to the underwriter, if no inquiry is made on the subject, although the facts are material to the risk, will not vacate the policy. Marshall, (3d edit.) 472.
An objection was taken to the decision of the Court admitting Lang & Turner’s Gazette to go to the jury, as evidence that the facts known to the assured at" the time of the insurance, and deemed to be material, were known to the underwriters. It was also objected, that the information in the Gazette was not so precise and full, or so late, as that contained in the letter received by the assured.
It may be very true that underwriters are not, under all circumstances, to be presumed to be acquainted with all the intelligence, contained in the papers taken at their office.* But *414 the general presumption is, that the agents of the office will examine with some care,' those items of marine intelligence, which are expressly designed, speedily to diffuse information upon a subject so immediately interesting to them, especially in relation to vessels belonging to their own port. Here it was proved, that the Gazette in question was taken at the office, that in due course of mail, it ought to have been received before the policy was effected, and that upon a search after-wards, it was found on file in its proper place ; it was admitted by the president, though he testified that he had no recollection of having seen that Gazette at the time of effecting the policy, still that he had heard of the arrival of the Tatnall at New York, by which the time of the sailing of the Falcon was reported, though he could not recollect the source of his information. The Court are therefore all of opinion, that the evidence was rightly admitted, and that it was properly left to the jury as a fact, to decide whether this paper had been received and its contents known at the office ; and also whether the information in the Gazette was the same as that contained in the plaintiffs’ letter. If so, they were rightly instructed to consider the circumstance that such letter w'as not produced, immaterial.[1]
In regard to the other point, no exception is taken to the charge, in point of law, that a person having ordered or advised insurance on a risk which has commenced, is bound to communicate his knowledge of the loss by the earliest and most expeditious usual route of mercantile communication, and that the omission to send by an unusual and extraordinary conveyance, although by possibility it might have arrived before the policy was effected, will not vitiate the policy. Under this instruction it was rightly left to the jury to find, whether the plaintiff" Gibbs at New York, knew of the loss before the departure of the steamffioat, on the 26th, and if so, whether the steam-boat, by way of Newport, was a usual and known route of mercantile communication between New York and Newport, at that time.
*415 Upon a review of the evidence, we see no sufficient ground upon which to set aside the verdict as against the weight of evidence.
Judgment on the verdict.

 See Friere v. Woodhouse, Holt’s N. P. C. 572; Elton v. Larkins, 5 Carr. & Payne 86.

 See 2 Phil. Ev. (Cowen & Hill’s ed.) 294, in notes Alsop v. Commercial Ins. Co., 1 Sumner, 457 to 463.